IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAM DISTRIBUTION, LLC, a Wisconsin limited liability company d/b/a ATOMICPARK.COM and/or BIGCLEARANCE.COM; and ANTHONY BOLDIN, an individual,<br><br>Defendants. | ) | Case No. |

## COMPLAINT

This is an action by Microsoft Corporation ("Microsoft") to recover damages arising from infringement of Microsoft's copyrights and trademarks by Ram Distribution, LLC, a Wisconsin limited liability company doing business as Atomicpark.com and/or Bigclearance.com, and Anthony Boldin, an individual (collectively "Defendants") and to enjoin Defendants' future infringement. Defendants continued to distribute counterfeit and/or infringing Microsoft software and/or related components even after Microsoft informed them of their illegal activity and requested that they cease and desist. Indeed, Defendants' conduct continued despite the fact that Defendants agreed to stop such infringement. By their conduct, Defendants have infringed Microsoft's copyrights trademarks, violated the Lanham Act by falsely designating the origin of software and/or related components, and engaged in unfair competition. Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

## THE PARTIES

1. Microsoft is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, Washington. Microsoft develops, markets, distributes and licenses computer software.

2. Upon information and belief, defendant Ram Distribution, LLC is a Wisconsin limited liability company that does business as Atomicpark.com and/or Bigclearance.com ("Ram"). Ram does business in this District, including a place of business in Milwaukee, Wisconsin. Ram is engaged in the business of advertising, marketing, installing, offering, and distributing computer hardware and software, including purported Microsoft software.

3. Upon information and belief, defendant Anthony Boldin, an individual, is an officer, shareholder, and/or director of and/or owns, operates, or otherwise controls Ram. Upon information and belief, Anthony Boldin resides and transacts substantial business in this District. Upon information and belief, Anthony Boldin (a) personally participated in and/or had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint, and/or (b) derived direct financial benefit from that wrongful conduct.

## JURISDICTION

4. This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of Wisconsin pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) the acts of infringement and other wrongful conduct alleged occurred in the Eastern District of Wisconsin, (b) Defendants may be found in the Eastern District of Wisconsin, and (c)

Defendants have a sufficient connection with the Eastern District of Wisconsin to make venue proper in this district, all as alleged in this Complaint.

**FACTS COMMON TO ALL CLAIMS**

7. Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Microsoft's software programs are recorded on magnetic diskettes and/or CD-ROMs, and they are packaged and distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, certificates of authenticity and other components.

8. Microsoft Windows 2000 Professional: Microsoft has developed, advertises, markets, distributes, and licenses a software package known as Microsoft Windows 2000 Professional ("Windows 2000 Pro"). Windows 2000 Pro is an operating system for business desktop and laptop systems. It performs a number of computer-related operations including, but not limited to running software applications, connecting to Internet and intranet sites, and accessing files, printers, and network resources. Microsoft holds a valid copyright in Windows 2000 Pro (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Windows 2000 Pro, bearing the number TX 5-036-267, is attached hereto as Exhibit 1 and is incorporated by reference.

9. Microsoft Office 2000 Pro: Microsoft Office 2000 Professional ("Office 2000 Pro") is a suite of popular Microsoft software programs. Microsoft holds a valid copyright in Office 2000 Pro (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Office 2000 Pro, bearing the number TX-4-905-936, is attached hereto as Exhibit 2 and is incorporated by reference. Office 2000 Pro includes the following popular Microsoft software programs:

A. Microsoft Access 2000, a program that allows users to create and manipulate databases and store data. Microsoft holds a valid copyright in Microsoft Access 2000

(including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Access 2000, bearing the number TX 4-905-950, is attached hereto as Exhibit 3 and is incorporated by reference.

B. Microsoft Excel 2000, a program that allows users to create spreadsheets, perform calculations, and store numerical data. Microsoft holds a valid copyright in Microsoft Excel 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Excel 2000, bearing the number TX 4-905-949, is attached hereto as Exhibit 4 and is incorporated by reference.

C. Microsoft Outlook 2000, a program that allows users and networked teams to create and manage calendars, tasks, and contacts. Microsoft holds a valid copyright in Microsoft Outlook 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Outlook 2000, bearing the number TX 4-906-019, is attached hereto as Exhibit 5 and is incorporated by reference.

D. Microsoft PowerPoint 2000, a program that allows users to create, organize, and present overhead and slide presentations. Microsoft holds a valid copyright in Microsoft PowerPoint 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft PowerPoint 2000, bearing the number TX 4-905-952, is attached hereto as Exhibit 6 and is incorporated by reference.

E. Microsoft Word 2000, a program that allows users to create and edit reports and documents. Microsoft holds a valid copyright in Microsoft Word 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright

Registration Certificate for Microsoft Word 2000, bearing the number TX 4-905-951, is attached hereto as Exhibit 7 and is incorporated by reference.

F. Microsoft Publisher 2000, a desktop publishing program that allows users to create, customize, and publish materials such as newsletters, brochures, flyers, catalogs, and Web sites. Microsoft holds a valid copyright in Microsoft Publisher 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Publisher 2000, bearing the number TX 4-905-937, is attached hereto as Exhibit 8 and is incorporated by reference.

10. Microsoft SQL Server 2000: Microsoft has developed a software program known as Microsoft SQL Server 2000 ("SQL Server 2000"). SQL Server 2000 is a complete database and data analysis program that allows the user to query, analyze and manipulate data, and develop applications. Microsoft holds a valid copyright in SQL Server 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for SQL Server 2000, which bears Registration No. TX 5-195-890, is attached to this Complaint as Exhibit 9 and is incorporated by this reference.

11. Microsoft has duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

A. "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

B. "MICROSOFT," Trademark Registration No. 1,256,083, for computer hardware and software manuals, newsletters, and computer documentation;

C. WINDOWS, Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit;

D. COLORED WINDOWS LOGO, Trademark Registration No. 1,815,350, for computers, computer peripherals, and computer programs and manuals sold as a unit;

E. WINDOWS FLAG LOGO, Trademark Registration No. 1,816,354, for computers, computer peripherals, and computer programs and manuals sold as a unit;

F. "POWERPOINT," Trademark Registration No. 1,475,795, for pre-recorded computer programs recorded on magnetic disks;

G. "MICROSOFT ACCESS," Trademark Registration No. 1,741,086, for computer programs for use with databases and manuals sold as a unit;

H. "OUTLOOK," Trademark Registration No. 2,188,125, for computers programs, specifically programs providing enhanced electronic mail and scheduling capabilities and instructional manuals sold as a unit; and

I. PUZZLE PIECE LOGO, Trademark Registration No. 1,982,562 for computer programs and instruction manuals sold as a unit.

True and correct copies of the Trademark Registrations for A through I above are attached hereto as Exhibits 10 through 18, respectively, and are incorporated by reference.

**Defendants' Infringement**

12. Defendants are engaged in the advertising, marketing, installation, offering and distribution of computer hardware and software, including programs covered by Microsoft's registered copyright and items bearing Microsoft's registered trademarks or imitations thereof.

13. On or about March 6, 2000, Microsoft filed a Complaint in the United States District Court for the Eastern District of Wisconsin (Case No. 00-C-0324) alleging that a business run by defendant Anthony Boldin, The Small Business Alliance LLC, distributed counterfeit and/or infringing copies of Microsoft software. The complaint alleged causes of action for copyright infringement, trademark infringement, false designation of origin, deceptive trade practices, and unfair competition.

14. In connection with the settlement of the case against The Small Business Alliance LLC, on or about July 30, 2001, Anthony Boldin and other software distribution companies with which he was affiliated, including Ram Distribution, LLC, agreed that they would refrain from making any infringing distributions of software programs, components, end use license agreements or items protected by Microsoft's registered trademarks, service mark, and copyright. They agreed to refrain from engaging in activity constituting an infringement of Microsoft's intellectual property rights.

15. In or about October 2002, Defendants were informed that it appeared that they had distributed infringing Microsoft software and/or components and asked to cease and desist from all infringing conduct.

16. Despite their agreement to refrain from infringement and the warning that they received, Defendants have not stopped infringing Microsoft's copyrights and trademarks. On or about February 9, 2005, Defendants distributed to an investigator purported Windows 2000 Pro software and/or related components, which was subsequently analyzed and determined to be counterfeit.

17. On or about April 29, 2005, Defendants distributed to an investigator more purported Windows 2000 Pro software and/or related components, which was subsequently analyzed and determined to be counterfeit.

18. On or about May 10, 2005, Defendants distributed to a customer Office 2000 Pro software and/or related components, which was subsequently analyzed and determined to be counterfeit.

19. On or about May 13, 2005, Defendants distributed to an investigator Office 2000 Pro software and/or related components, which was subsequently analyzed and determined to be counterfeit

20. On or about May 13, 2005, Defendants distributed to an investigator SQL Server 2000 software and/or related components, which was subsequently analyzed and determined to be counterfeit

21. On or about May 16, 2005, Defendants distributed to an investigator Office 2000 Pro software and/or related components, which was subsequently analyzed and determined to be counterfeit.

22. On or about May 16, 2005, Defendants distributed to an investigator SQL Server 2000 software and/or related components, which was subsequently analyzed and determined to be counterfeit.

23. Further, on or about May 27, 2005, Defendants distributed to an investigator more SQL Server 2000 software and/or related components, which was subsequently analyzed and determined to be counterfeit.

24. On or about June 7, 2006, Defendants distributed to an investigator SQL Server 2000 software and/or related components, which was subsequently analyzed and determined to be counterfeit.

25. On information and belief, these distributions were not isolated incidents. Rather, Defendants have been and continue to be involved in advertising, marketing, installing, offering, and/or distributing counterfeit and infringing copies of Microsoft's software and/or related components to unidentified persons or entities. On information and belief, Defendants' distributions of purported Microsoft software are the result of Defendants advertising and marketing the availability of such materials.

26. On information and belief, Defendants' wrongful conduct includes the use, advertising, marketing, offering, and/or distribution of "infringing materials," specifically reproductions, counterfeits, copies, or colorable imitations of the Microsoft trademarks, logos, and service mark described in this Complaint.

27. On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft. On information and belief, Defendants' acts are willful and committed with prior notice of Microsoft's registered copyrights and marks. At a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's copyrights and registered marks.

28. On information and belief, by this conduct, including their advertising activities and unauthorized use of Microsoft's marks to describe the items that they are distributing, Defendants have misappropriated Microsoft's advertising ideas and style of doing business and have infringed Microsoft's copyrights, titles and slogans.

29. On information and belief, the injuries and damages that Microsoft has sustained have been directly and proximately caused by Defendants' wrongful misappropriation of Microsoft's advertising ideas and style of doing business and infringement of Microsoft's copyrights, titles and slogans.

**First Claim**
**[Copyright Infringement -- 17 U.S.C. § 501, et seq.]**
**Against Defendants**

30. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 29, inclusive.

31. Microsoft is the sole owner of Microsoft Windows 2000 Pro, Office 2000 Pro, Access 2000, Excel 2000, Outlook 2000, PowerPoint 2000, Word 2000, Publisher 2000, and SQL Server 2000, and of all corresponding copyrights and Certificates of Registration.

32. Defendants have infringed the copyrights in Microsoft's software, including but not limited to Microsoft Windows 2000 Pro, Office 2000 Pro, Access 2000, Excel 2000, Outlook 2000, PowerPoint 2000, Word 2000, Publisher 2000, and SQL Server 2000 by distributing infringing materials in the United States of America without approval or authorization from Microsoft.

33. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

34. As a result of their wrongful conduct, Defendants are liable to Microsoft for copyright infringement. 17 U.S.C. § 501. Microsoft has suffered damage. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

35. In addition, because Defendants' infringement has been willful within the meaning of the Copyright Act, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

36. Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

37. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

**Second Claim**
**[Federal Trademark Infringement – 15 U.S.C. § 1114]**
**Against Defendants**

38. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 29, inclusive.

39. Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

40. Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

41. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

42. The infringing materials that Defendants have and are continuing to use, offer, advertise, market, install, or distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

43. Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, installing, or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

44. Upon information and belief, Defendants used, offered, advertised, marketed, installed or distributed infringing material with the purposes of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's goodwill and business reputation.

45. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

46. As a result of their wrongful conduct, Defendants are liable to Microsoft for trademark infringement. 15 U.S.C. § 1114(1). Microsoft has suffered, and will continue to suffer, substantial losses. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct. 15 U.S.C. § 1117(a).

47. In addition, because Defendants' infringement of Microsoft's trademarks and service mark was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b). In the alternative, Microsoft is entitled to statutory damages for each counterfeit mark. 15 U.S.C. § 1117(c).

48. Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further

confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

49. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. § 1117.

**Third Claim**
**[False Designation Of Origin, False Description And Representation Of Microsoft Packaging--15 U.S.C. § 1125 et seq.] Against Defendants**

50. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 49, inclusive.

51. Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

52. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

53. Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software and related components.

54. Defendants' wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs, in connection with its goods and services.

55. Upon information and belief, Defendants engaged in such wrongful conduct with the willful purpose of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the goods and services offered, marketed or distributed in connection

with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation. Defendants' conduct constitutes (a) false designation of origin, (b) false description, and (c) false representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

56. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

57. As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages. Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, offered, advertised, marketed, installed, or distributed by Defendants. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, name and visual designs are unique and valuable property which have no readily-determinable market value, (b) Defendants' advertising, marketing, installation, or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

## Fourth Claim
## [Wisconsin Common Law Unfair Competition]
## Against Defendants

58. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 57, inclusive.

59. The acts and conduct of Defendants as alleged above in this complaint constitute unfair competition pursuant to the common law of the State of Wisconsin.

60. Defendants' acts and conduct as alleged above have damaged and will continue to damage Microsoft and have resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

**Fifth Claim**
**[For Imposition Of A Constructive Trust Upon Illegal Profits]**
**Against Defendants**

61. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 60, inclusive.

62. Defendants' conduct constitutes deceptive, fraudulent, and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software or related components approved or authorized by Microsoft.

63. By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

64. Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

65. Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Microsoft.

**Sixth Claim**
**[Accounting]**
**Against Defendants**

66. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 65, inclusive.

67. Microsoft is entitled, pursuant to 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to their acts of infringement.

68. Microsoft is entitled, pursuant to 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

69. The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material offered for distribution and distributed by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests judgment against Defendants as follows:

(1) That the Court enter a judgment against Defendants as indicated below:

(a) that Defendants have willfully infringed Microsoft's rights in the following federally registered copyrights under 17 U.S.C. § 501:

(1) TX 5-036-267 ("Windows 2000 Professional");

(2) TX 4-905-936 ("Office 2000 Professional");

(3) TX 4-905-950 ("Access 2000");

(4) TX 4-905-949 ("Excel 2000");

(5) TX 4-906-019 ("Outlook 2000");

(6) TX 4-905-952 ("PowerPoint 2000");

(7) TX 4-905-937 ("Publisher 2000");

(8) TX 4-905-951 ("Word 2000"); and

(9) TX 5-195-890 ("SQL Server 2000");

(b) that Defendants have willfully infringed Microsoft's rights in the following federally registered trademarks and service mark under 15 U.S.C. § 1114:

(1) 1,200,236 ("MICROSOFT");

(2) 1,256,083 ("MICROSOFT");

(3) 1,872,264 ("WINDOWS");

(4) 1,815,350 (COLORED WINDOWS LOGO);

(5) 1,816,354 (WINDOWS FLAG LOGO);

(6) 1,475,795 ("POWERPOINT");

(7) 1,741,086 ("MICROSOFT ACCESS");

(8) 2,188,125 ("OUTLOOK"); and

(9) 1,982,562 (PUZZLE PIECE LOGO);

(c) that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft as defined in 15 U.S.C. § 1125(a);

(d) that Defendants have engaged in unfair competition and deceptive practices in violation of Wisconsin common law, and

(e) that Defendants have otherwise injured the business reputation and business of Microsoft by Defendants' acts and conduct set forth in this Complaint.

(2) That the Court issue injunctive relief against Defendants, and that Defendants, their directors, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a) imitating, copying, or making any other infringing use or infringing distribution of software programs, components and/or items protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

(1) 1,200,236 ("MICROSOFT");

(2) 1,256,083 ("MICROSOFT");

(3) 1,872,264 ("WINDOWS");

(4) 1,815,350 (COLORED WINDOWS LOGO);

(5) 1,816,354 (WINDOWS FLAG LOGO);

(6) 1,475,795 ("POWERPOINT");

(7) 1,741,086 ("MICROSOFT ACCESS");

(8) 2,188,125 ("OUTLOOK"); and

(9) 1,982,562 (PUZZLE PIECE LOGO);

or the software programs, components and/or items protected by the following Certificates of Copyright Registration Nos.:

(1) TX 5-036-267 ("Windows 2000 Professional");

(2) TX 4-905-936 ("Office 2000 Professional");

(3) TX 4-905-950 ("Access 2000");

(4) TX 4-905-949 ("Excel 2000");

(5) TX 4-906-019 ("Outlook 2000");

(6) TX 4-905-952 ("PowerPoint 2000");

(7) TX 4-905-937 ("Publisher 2000");

(8) TX 4-905-951 ("Word 2000"); and

(9) TX 5-195-890 ("SQL Server 2000");

and any other works now or hereafter protected by any Microsoft trademark or copyright;

(b) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component and/or item bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above;

(c) using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not

limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software program, component and/or item not authorized or licensed by Microsoft;

(d) using any false designation of origin or false description which can or is likely to lead the trade or public or individuals erroneously to believe that any software program, component and/or item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

(e) engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit these trademarks, service mark, and/or copyrights; and

(f) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

(3) That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, their illegal profits obtained from their distribution of infringing copies of Microsoft's software, and requiring Defendants to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' illegal activities.

(4) That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

(a) Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for

Defendants' willful infringement of Microsoft's copyrights;

(b) Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for Defendants' willful violation of Microsoft's registered trademarks and service mark, or in the alternative statutory damages pursuant to 15 U.S.C. § 1117(c) for each counterfeit mark; and

(c) Microsoft's damages and Defendants' profits pursuant to Wisconsin common law;

(5) That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

(6) That the Court grant to Microsoft such other and additional relief as is just and proper.

Respectfully submitted,

MICROSOFT CORPORATION, Plaintiff

By: ______________________
One of its Attorneys

Christopher B. Wilson
PERKINS COIE LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 606014
312.324.8400.